UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CYMEYON HILL,

        Plaintiff,

v.

OFFICER VENTURA, et al.,

        Defendants.

Case No. 20-cv-07460-YGR (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## I.   INTRODUCTION

Plaintiff, a civil detainee currently in custody at Salinas Valley State Prison ("SVSP"), filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.[1] Plaintiff's motion for leave to proceed *in forma pauperis* will be granted in a separate order.

Plaintiff has named as Defendants in this action the following SVSP staff: Correctional Officers Ventura and J. Garcia[2]; Acting Warden M. B. Atchley; and Chief Executive Officer G. Padilla. Dkt. 1 at 2.[3] Venue is proper because the events giving rise to the claims are alleged to have occurred at SVSP, which is located in this judicial district. *See* 28 U.S.C. § 1391(b). Plaintiff seeks injunctive relief and nominal punitive damages.

---

[1] Petitioner had initially filed the instant civil rights action in the Eastern District of California. *See* Dkt. 1. Thereafter, the Eastern District ordered the case transferred to the Northern District. Dkt. 5. It was then transferred from the Eastern District to this Court. Dkt. 6.

[2] The Clerk of the Court listed one of the named defendants as "Sheriff F. Garcia" because Plaintiff's handwriting on his complaint is difficult to decipher. *See* Dkt. 1 at 1-2. However, upon reading the complaint more closely, the Court has deciphered his handwriting and directs the Clerk to correct this Defendant's title and the first initial of the first name from "Sheriff F. Garcia" to "Correctional Officer J. Garcia." *See id.* at 1-2.

[3] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

## II.   DISCUSSION

### A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

Under Federal Rule of Civil Procedure 20, persons may be joined in one action as defendants only if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a).

### B.   Legal Claims

Under "Claim I" of the "Cause of Action" section on the complaint form, Plaintiff claims that on three occasions, September 21, 23 and 24, 2020, Defendants Ventura and Garcia "were malicious and retail[a]tory by tampering with Plaintiff['s] religious diet by removing items off of [his] food tray and serving [him] rancid food." Dkt. 1 at 3. Plaintiff claims that he has "los[t] over 15 pounds and has had severe headache[s] and dizzine[ss] and severe stomach pains because of the retaliation." *Id.* Plaintiff adds that he alerted Defendants Atchley and Padilla about Defendants Ventura's and Garcia's retaliatory misconduct by filing a grievance, but it was denied. *Id.* at 4-6. Currently, Plaintiff's allegations, when liberally construed, do not state cognizable claims for relief under the First Amendment and the Religious Land Use and Institutionalized

2

1  Persons Act ("RLUIPA"). *See O'Lone v. Shabazz*, 482 U.S. 342, 349 (1987) (holding prison
2  regulation impinging on inmate's First Amendment right to free exercise of religion must be
3  reasonably related to legitimate penological interests); 42 U.S.C. § 2000cc-1(a) ("No government
4  shall impose a substantial burden on the religious exercise of a person residing in or confined to an
5  institution . . . even if the burden results from a rule of general applicability, unless the
6  government demonstrates that imposition of the burden on that person (1) is in furtherance of a
7  compelling governmental interest; and (2) is the least restrictive means of furthering that
8  compelling governmental interest."). First, Plaintiff has not named his religion. He has also failed
9  to explain what religious diet he has been granted at SVSP. To the extent that Plaintiff is
10 supporting his claim with three instances during which his "religious diet" was tampered with and
11 replaced with "rancid food," such an allegation at most supports a claim for negligence, which is
12 insufficient to support a constitutional claim for relief. *See Estelle v. Gamble*, 429 U.S. 97, 106
13 (1976) (establishing that deliberate indifference requires more than negligence). Accordingly,
14 Plaintiff shall be given an opportunity to amend Claim I. In amending this claim, Plaintiff is
15 advised that liability may be imposed on an individual defendant under section 1983 only if he can
16 show that the defendant proximately caused the deprivation of a federally protected right, i.e., a
17 violation of his right to the free exercise of his religion. *See Leer v. Murphy*, 844 F.2d 628, 634
18 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person
19 deprives another of a constitutional right within the meaning of section 1983 if he does an
20 affirmative act, participates in another's affirmative act or omits to perform an act which he is
21 legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844
22 F.2d at 633.

23 The Court also finds not cognizable any claims under Claim I relating to the potential
24 liability of Defendants Atchley and Padilla, who allegedly reviewed and rejected Plaintiff's
25 grievance. There is no constitutional right to a prison or jail administrative appeal or grievance
26 system in California, and therefore no due process liability for failing to process or decide an
27 inmate appeal properly. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v.*
28 *Adams*, 855 F.2d 639, 640 (9th Cir. 1988). If a defendant only denied an inmate appeal about a

3

religious problem that already had occurred and was complete (e.g., the denial of religious diet on a past date), there would be no liability for a constitutional violation; however, where the problem is an ongoing religious need and the request is made in an inmate appeal to remedy the ongoing problem, liability can be based on the denial of an inmate appeal, just as it could be based on the denial of a verbal request from the inmate. *Cf. Jett v. Penner*, 439 F.3d 1091, 1098 (9th Cir. 2006) (supervisor may be liable for deliberate indifference to a serious medical need, for instance, if he or she fails to respond to a prisoner's request for help). It seems that Plaintiff also wishes to sue Defendants Atchley and Padilla in their supervisory capacities. Plaintiff is cautioned that there is no respondeat superior liability under section 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee. Liability under section 1983 arises only upon a showing of personal participation by the defendant. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *See Starr v. Baca*, 652 F.3d 1202, 1206-07 (9th Cir. 2011). Therefore, Plaintiff's supervisory liability claims and any claims involving the grievance system against Defendants Atchley and Padilla are also DISMISSED with leave to amend.

Finally, the Court also points out that Plaintiff has attached seven other pages to the complaint form in which he seems to raise other multiple claims (that take place from May 27, 2020 through September 23, 2020) against numerous defendants, all employees of SVSP. *See* Dkt. 1 at 4-10. However, Plaintiff's other claims, involving multiple defendants committing different acts at different times over a period four months, are unrelated by fact or law. They run afoul of Federal Rule of Civil Procedure 20. Plaintiff attempts to link these disparate events by alleging that they are acts of retaliation by SVSP prison officials (some of whom he has collectively described as "Greenwall" conspirators), who target Plaintiff because he regularly files inmate grievances against them. This is insufficient to justify the inclusion of these disparate claims in one action because his claims fail to link the named Defendants and the numerous aforementioned claims (against other unnamed Defendants) together. As mentioned, these

1  remaining claims involve other unnamed defendants committing different acts at different times
2  over four-month period, including claims of assault, excessive force, retaliation, failure to protect,
3  retaliation based on filing grievances, excessive force and denial of treatment for resulting injuries,
4  and denial of medical treatment. *See* Dkt. 1 at 4-10. In that they are unrelated by fact or law to
5  the claims under Claim I, they may not be maintained.

6  A plaintiff may properly join as many claims as he or she has against an opposing party.
7  Fed. R. Civ. P. 18(a). Nevertheless, while multiple claims against a single party may be alleged in
8  a single complaint, unrelated claims against different defendants must be alleged in separate
9  complaints. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (finding, under Rule 18(a),
10 prisoner improperly brought complaint raising fifty distinct claims against twenty-four
11 defendants). Further, as mentioned above, parties may be joined as defendants only if "there is
12 asserted against them jointly, severally, or in the alternative, any right to relief in respect of or
13 arising out of the same transaction, occurrence, or series of transactions or occurrences and if any
14 question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a).
15 As a practical matter, this means that claims involving different parties cannot be joined together
16 in one complaint if the facts giving rise to the claims were not factually related in some way—that
17 is, if there was not similarity in the factual background of a claim. *Coughlin v. Rogers*, 130 F.3d
18 1348, 1350 (9th Cir. 1997). General allegations are not sufficient to constitute similarity when the
19 specifics are different. *Id.* The Court, on its own initiative, may dismiss misjoined parties from an
20 action, and any claim against a misjoined party may be severed and proceeded with separately.
21 Fed. R. Civ. P. 21. Therefore, because the Court has found that the remaining claims are unrelated
22 to Claim I, these claims are DISMISSED without prejudice to Plaintiff bringing them in separate
23 actions, either in state or federal court.

24 Accordingly, Plaintiff will be given an opportunity to cure the aforementioned deficiencies
25 to the claims under Claim I by way of a filing an amended complaint—*only* raising Claim I—if he
26 can in good faith allege facts, subject to proof, that cure the pleading deficiencies noted above.
27 Thus, Claim I is DISMISSED with leave to amend. All the remaining claims are DISMISSED
28 without prejudice to Plaintiff bringing them in separate actions, either in state or federal court.

### III. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's complaint is DISMISSED with leave to amend. Plaintiff may file an amended complaint—*only* raising Claim I—if he can in good faith allege facts, subject to proof, that cure the pleading deficiencies noted above. All the remaining claims are DISMISSED without prejudice to Plaintiff bringing them in separate actions, either in state or federal court.

2. Within **twenty-eight (28) days** from the date of this Order, Plaintiff shall file his amended complaint as set forth above. Plaintiff must use the attached civil rights form, write the case number for this action—Case No. C 20-7460 YGR (PR)—on the form, clearly label the complaint "Amended Complaint," and complete all sections of the form. Because the amended complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992). He may not incorporate material from the original complaint by reference. If Plaintiff wishes to attach any additional pages to the civil rights form, he shall maintain the same format as the form, i.e., answer only the questions asked in the "Exhaustion of Administrative Remedies" section without including a narrative explanation of each grievance filed. **Plaintiff's failure to file his amended complaint by the twenty-eight-day deadline or to correct the aforementioned deficiencies outlined above will result in the dismissal of this action without prejudice.**

3. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes while an action is pending must file a notice of change of address promptly, specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

4. The Clerk is directed to correct Defendant Garcia's title and the first initial of the

first name from "Sheriff F. Garcia" to "Correctional Officer J. Garcia." *See* Dkt. 1 at 1-2.

5. The Clerk shall send Plaintiff a blank civil rights complaint form along with his copy of this Order.

IT IS SO ORDERED.

Dated: April 13, 2021

_____
JUDGE YVONNE GONZALEZ ROGERS
United States District Judge